In the United States District Court
For the Eastern District of Pennsylvania

| | |
|---|---|
| John J. Koresko, V, Esq, *et al*<br><br>Plaintiffs,<br><br>v.<br><br>TD Bank, N.A. *et al*<br><br>Defendants. | Civil Action No. 2:09-cv-5054 |

**ORDER**

AND NOW this _____ day of November, 2009, having considered the Petition of Plaintiffs John J. Koresko, V; PennMont Benefit Servicers, Inc.; Koresko & Associates, P.C.; and Penn Public Trust seeking remand of this action to state court and an award of attorneys' fees and costs incurred in preparing the remand petition and in seeking to compel the obstructed state court discovery it is hereby ORDERED that the matter is REMANDED to state court; and further

ORDERED that TD Bank, N.A., and its counsel's law firm shall pay the Plaintiffs' attorneys' fees and costs incurred in preparing the remand petition and in seeking to compel the obstructed state court discovery.

_____

, J.

In the United States District Court
For the Eastern District of Pennsylvania

| | |
|---|---|
| John J. Koresko, V, Esq, *et al* <br><br> Plaintiffs, <br><br> v. <br><br> TD Bank, N.A. *et al* <br><br> Defendants. | Civil Action No. 2:09-cv-5054 |

### PLAINTIFFS' PETITION FOR REMAND AND FOR FEES AND COSTS

In response to the notice of removal filed by TD Bank, N.A. (TD Bank) of Plaintiffs' action seeking declaratory and other relief in the Court of Common Pleas of Montgomery County, Pennsylvania, Plaintiffs petition this Court to remand this matter to state court and order that TD Bank and its law firm be required to pay Plaintiffs' attorneys' fees and costs incurred in preparing the remand petition and in seeking to compel the obstructed state court discovery.

Respectfully submitted,

/s/ John J. Koresko

John J. Koresko, V, Esquire
Attorney for the Koresko Parties

DATED: November 16, 2009

In the United States District Court
For the Eastern District of Pennsylvania

| | |
|---|---|
| John J. Koresko, V, Esq, *et al*<br><br>Plaintiffs,<br><br>v.<br><br>TD Bank, N.A. *et al*<br><br>Defendants. | Civil Action No. 2:09-cv-5054 |

**PLAINTIFFS' MEMORANDUM OF LAW IN
SUPPORT OF ITS PETITION FOR REMAND AND FOR FEES AND COSTS**

**I.      INTRODUCTION**

In response to the notice of removal filed by TD Bank, N.A. (TD Bank) of Plaintiffs' action seeking declaratory and other relief in the Court of Common Pleas of Montgomery County, Pennsylvania, Plaintiffs petition this Court to remand.  TD Bank improperly removed the case when there was failure of all Defendants to join in the removal.

**II.     BACKGROUND AND STATEMENT OF THE CASE**

On October 26, 2009, Plaintiffs filed a petition in the Orphans' Court of Montgomery County Pennsylvania for declaratory, injunctive and other relief.  The petition was ultimately reclassified as a "complaint." The complaint from the Court of Common Pleas of Montgomery County states broadly that Plaintiffs' rights were violated under state law when TD Bank and ING Bank (ING) engaged in unauthorized transactions with respect to Plaintiffs' accounts.  Plaintiffs sought special injunctive relief against both TD Bank and ING in the Common Pleas Court – and also filed a motion for

discovery against TD Bank and ING. The Hon. Maurino Rossanese held a hearing on October 28, 2009. The distinguished judge denied the immediate relief requested but retained jurisdiction.[1] He denied the motion of TD Bank to dismiss. Subsequently, on November 4, 2009, TD Bank filed a Notice of Removal in that court. There is no evidence that ING joined that removal.

### III.   STANDARD OF REVIEW

As a general proposition procedural defects will support remand in a diversity case. *Keenan v. UNUM Provident Corp. et al*, 252 F. Supp. 2d 163 (E.D.Pa. 2003). A federal court may remand a case to state court "if there has been some procedural defect in removal." *The Bachman Co. v. MacDonald*, 173 F. Supp. 2d 318, 322 (E.D. Pa. 2001)(citing *Kimmel v. DeGaspari*, 2000 WL 420638 at *1 (E.D.Pa. Apr. 7, 2000)). "Removal statutes are strictly construed by Courts and all doubts are resolved in favor of remand." *Bachman, supra.* (citing *Kimmel*, 2000 WL 420639 at *1).

### IV.   ARGUMENT

#### A.   Remand should be Granted because the Removal was Procedurally Defective in that all Defendants did not Join in it.

Defendants' removal was procedurally defective as it did not abide by the rule of unanimity. When there is more than one defendant in a state court action, all of the defendants must join in the removal. *See Balazik v. County of Dauphin*, 44 F.3d 209, 213

---

[1] As set forth in Plaintiffs' Motion to Strike TD Banks' Motion to Intervene and other relief, it was explained that the reason for Judge Rossanese denial of the special injunctive relief was TD Bank's misrepresentation of this Court's order of September 30, 2009. TD Bank told the Montgomery County Court that this Court had ordered all assets frozen, when in fact the order stated that F&M was not to transfer assets to Penn Public Trust. The Order contemplated the movement of cash accounts and did not bar policy loans.

(3d Cir. 1995) ("it is well established that removal generally requires unanimity among the defendants"). "Removal is a statutory right, and the procedures to effect removal must be followed." *Lewis v. Rego Co.*, 757 F.2d 66, 68 (3d Cir.1985). 28 U.S.C. § 1446 provides that "[a] defendant or defendants desiring to remove any civil action . . . from a state court shall file in the district court . . . a verified petition containing a short and plain statement of the facts which entitled him or them to removal . . . ." 28 U.S.C. § 1446(a). This language has been construed to require that, in cases involving multiple defendants, all defendants must unanimously consent to removal, regardless of whether the removing defendants rely on federal question or diversity jurisdiction. *See Lewis*, 757 F.2d at 68; *see also Chicago, R.I. & P. Ry. v. Martin*, 178 U.S. 245, 247-48 (1900) (construing predecessor of 28 U.S.C. § 1441(a)); *Speciale v. Seybold*, 147 F.3d 612, 617 n.4 (7th Cir. 1998) (stating that a prerequisite to removal under § 1441(b) on the basis of ERISA preemption is § 1441(a), which requires the consent of all defendants); *A.E. Staley Manuf. Co. v. Fischback & Moore, Inc.*, 353 F. Supp. 578, 580 (E.D.Pa. 1983)(where two defendants did not join in removal and were found to be necessary to the action, case was remanded to state court)(citing 28 U.S.C.§§ 1441 and 1446).

Courts in the Third Circuit have found that, in order to properly effectuate removal to federal court, each defendant need not sign the original notice of removal, but are required to file "some timely . . . written indication from each defendant, or some person or entity purporting to formally act on its behalf in this respect and to have authority to do so, that it has actually consented to such action." *Ogletree v. Barnes*, 851 F. Supp. 184, 188 (E.D. Pa. 1994) (quoting *Getty Oil, Div. of Texaco, Inc. v. Ins. Co. of*

*North Am.*, 841 F.2d 1254, 1262 n.11 (5th Cir.1988)). As this Court has noted service is not required, merely notice. *CPR Restoration & Cleaning Services, LLC v Fedorowycz* (09-cv-0657) (E.D.Pa. 2009). The standard for timeliness, of course, is the thirty day period after the receipt by the defendants of a copy of the initial pleading setting forth plaintiff's claim for relief. 28 U.S.C. § 1446(b); *Ogletree*, 851 F.Supp. at 190 ("[T]he thirty-day limitation is mandatory and the court is without authority to expand it.") (citations omitted).

Applying the *Ogletree* standard to the instant case, TD Bank's Notice of Removal must fail. TD Bank identifies October 28, 2009, the day Plaintiff filed its state court action, as the date tolling the thirty-day time period for removal. However, the record from the Court of Common Pleas is clear that ING Bank was an additional respondent. *See* Exhibit A Docket MCCP 09-34758. The case was originally filed in Orphans' Court, where "respondents" were, in effect, the Defendants. When the Orphans' Court transferred the case to the other side of the Common Pleas court, and Judge Rossanese held a hearing, it is clear that Plaintiffs sought injunctive relief also against ING Bank under the same case number. Defendants' counsel requested relief on behalf of ING Bank, and although ING did not appear, over Plaintiffs' objection (*see* Exhibit B, letter from Plaintiffs' counsel to Hon. M. Rossanese, dated November 2, 2009), the Court refused special injunctive relief.

The complaint shows a common course of conduct between ING and TD Bank which Plaintiffs say violated Plaintiffs' rights. There is also an aiding and abetting count. Based on the policy of reading complaints broadly, it appears Plaintiffs stated a

cause of action against ING Bank. In any event, from the caption in the petitions filed in the Common Pleas court, ING Bank appears to be a party defendant. TD Bank did not secure the consent of ING Bank for removal.

### B.     TD Bank should be Ordered to Pay Plaintiffs' Attorneys' Fees and Costs.

Where, as here, there is improper removal due to various procedural defects, an order requiring the payment of Plaintiffs' attorneys' fees and costs is appropriate. *See* 28 U.S.C.§1447(c)("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."); *Mints, v. Educational Testing Service*, 99 F.3d 1253 at 1260 (3d.Cir. 1996)(district court may award payment of fees and costs by a party who removed case to federal court even in absence of bad faith): *Samuel v. Langham*, 780 F. Supp. 424, 428 ((N.D. Texas 1992)(plaintiff allowed to recover costs and attorneys' fees incurred in responding to removal petition "in the interests of justice").

Plaintiffs also based their request for attorney's fees and costs pursuant to the "artful pleading" in the Notice of Removal employed by Defendants' counsel. See also, FRCP 11. No mention was made of ING. No mention was made that TD Bank had entered an appearance and moved to dismiss, which was denied. TD Bank failed to inform this Court of its misrepresentation regarding this Court's order of September 30, 2009, which simply called for status quo as to transfer of monies to Penn Public Trust from F&M. TD Bank led Judge Rossanese to believe that Plaintiffs could not take policy

loans and conduct other plan and trust business. That is simply not what this Court ordered.

Such an order is appropriate where, as here, TD Bank acted in reckless disregard of substantive and procedural law, knowing that ING was a co-defendant, and with an obvious intention of obstructing legitimate discovery. Far less onerous instances of misuse of the removal process have resulted in awards of fees and costs within this Circuit. *See Mints* at 1261, *supra*, and *Samuel, supra*.

Because the removal is patently defective, Plaintiffs respectfully suggest that no oral argument is necessary for the Court to decide the motion.

## V.   CONCLUSION

For all of the foregoing reasons, Plaintiffs respectfully request that this case be remanded to state court and that TD Bank and its law firm be required to pay Plaintiffs' attorneys' fees and costs incurred in preparing the remand petition and in seeking to compel the obstructed state court discovery.

Respectfully submitted,

_____
John J. Koresko, V, Esquire
Attorney for the Koresko Parties

DATED: November 16, 2009

## CERTIFICATE OF SERVICE

I hereby certify that at my direction a true and correct copy of Plaintiffs' Petition for Remand and Attorneys' Fees and Costs

was served this date, via ECF, upon the following:

**JOAN ROLLER, ESQ.**

**LINDA HENRY, ESQ.**

**JOANNE JARQUIN, ESQ.**

The Curtis Center, Suite 630 East

170 S. Independence Mall West

Philadelphia, PA 19106-3317

**TIMOTHY J. NIEMAN, ESQ.**
**STEPHEN MONIAK, ESQ.**

Rhoads & Sinon LLP

One South Market Square, 12th Floor

Harrisburg, PA 17101

**CHRISTOPHER A. WEALS**
MORGAN LEWIS BOCKIUS LLP
1111 PENNSYLVANIA AVE NW
WASHINGTON , DC 20004
202-739-5350

**ELIZABETH H. FAY**
MORGAN, LEWIS & BOCKIUS LLP
1701 MARKET STREET
PHILADELPHIA , PA 19103-2921

**H. MARC TEPPER**
BUCHANAN INGERSOLL, P.C.
TWO LIBERTY PL

50 S. 16TH ST., STE 3200
PHILADELPHIA , PA 19102-2555

_____
John J. Koresko, V, Esq.

November 16, 2009